UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:09-CR-141 |
| | ) | |
| TYLER HENRY | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 480]. Through counsel, the defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 481], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

**I.  Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2016). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2016). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1]  In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence.  *See id.* cmt. n.1(B).  A court may further consider a defendant's post-sentencing conduct.  *See id.*

## II. Factual Background

By judgment dated September 23, 2010, this court sentenced the defendant to a 135-month term of imprisonment as to Count One (an oxycodone conspiracy).  The defendant's guideline range was 151 to 188 months, based on a total offense level of 33 and a criminal history category of II.  The court granted the defendant's motion for downward variance and imposed the below-guideline 135-month sentence.  According to the Bureau of Prisons, the defendant is presently scheduled for release on October 11, 2019.

## III. Analysis

Applying Amendment 782, the defendant's new guideline range is 121 to 151 months, based on a total offense level of 31 and a criminal history category of II.  Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  *Id.* § 1B1.10(b)(2)(B).  No such motion was filed as to the present defendant.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction.[2]

While in Bureau of Prisons custody, the defendant has completed approximately 850 hours of vocational coursework. For that he is to be commended.

Conversely, the defendant failed to provide a urine sample in April of 2016. That incident is troubling in light of the defendant's offense of conviction, his history of substance abuse, and his failure to comply with conditions of pretrial release. However, the April 2016 infraction has been sufficiently addressed by the Bureau of Prisons through the loss of 41 days of good time credit. The defendant is nonetheless reminded that upon his release from imprisonment he will be subject to a three-year term of supervision. During that period, similar violations will likely land him swiftly back before this court on a petition for revocation of his supervised release.

## IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 480] is **GRANTED**. His term of imprisonment is reduced to **121 months**.

---

[2] The reduced sentence cannot, however, include a downward variance (unrelated to substantial assistance) below the new guideline range, even though a variance was previously granted at sentencing. *See United States v. Taylor*, 815 F.3d 248 (6th Cir. 2016).

Except as provided above, all provisions of the judgment dated September 23, 2010, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge